IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | )<br>) |
| | ) Criminal Action No. 2:15-cr-86 |
| v. | ) Civil Action No. 2:16-cv-348 |
| | )<br>) Judge Mark R. Hornak |
| SELF STRAWDER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

On April 23, 2015 the United States of America charged Self Strawder via criminal information, with two counts of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and with two counts of knowingly, intentionally, and unlawfully possessing with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Mr. Strawder pled guilty to those charges on April 27, 2015. On September 2, 2015, Mr. Strawder was sentenced to one hundred eighty months in prison, to be served concurrently at Counts One through Four, followed by five years of supervised release at Counts One and Three, and ten years of supervised release at Counts Two and Four to be served concurrent as to each count.

### I. SECTION 2255 PETITION

He filed the pending Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on March 25, 2016.

Mr. Strawder asserts two grounds for reducing his sentence.[1] First, he argues that he was illegally sentenced outside of his Guidelines range of 84-105 months by receiving one hundred eighty months. Mr. Strawder argues that he should not have been categorized as an armed career criminal, which resulted in the higher sentence. ECF No. 58, at 4. Second, Mr. Strawder alleges ineffective assistance of counsel. The basis for the ineffective assistance claim is that Mr. Strawder's federal court counsel did not argue that because Mr. Strawder received fewer than 10 years in prison for his prior state court convictions, he should not have been categorized as an armed career criminal. *Id.* at 5.

The United States filed a lengthy response opposing the Petition on procedural default, waiver, and substantive grounds. ECF No. 62. Mr. Strawder filed a reply in which he expanded upon his argument regarding his status as an armed career criminal under the Armed Career Criminal Act ("ACCA"). ECF No. 68. To that document, the United States filed a "response." ECF No. 69.

As to Mr. Strawder's first argument, he contends that the Court's application of the armed career criminal enhancement under 18 U.S.C. § 924(e) was in error. ECF No. 68, at 1. According to Mr. Strawder, in applying the enhancement, courts must "look only to the fact of conviction and statutory definition of the prior offense." *Id.* at 2 (citing *Taylor v. United States*, 495 U.S. 575, 600 (1990)). Mr. Strawder interprets that command as meaning that courts must look to the term of imprisonment he *did* receive for his prior convictions and not the term of imprisonment he *could have* received. ECF No. 68, at 2.

On this point, the law is clear. For example, the statute itself defines "serious drug offense" as "an offense under State law, involving . . . distributing, or possessing with intent to

---

[1] There may have been some confusion about the relief Mr. Strawder was seeking. *See* ECF No. 62, at 3. Mr. Strawder subsequently clarified that he seeks a reduction in his sentence to between 63-78 months. ECF No. 68, at 2.

2

distribute, . . . a controlled substance . . . for which a *maximum term of imprisonment of ten years or more* is prescribed by law." 18 U.S.C. § 924(e)(A)(ii). And the United States Supreme Court and the Third Circuit Court of Appeals have repeatedly instructed district courts to look to the *statutory maximum* sentence (not the sentence a defendant actually received) in determining whether a conviction is "qualifying" for armed career criminal purposes. *See McNeil v. United States*, 563 U.S. 816, 820 (2011) ("The plain text of [the Armed Career Criminal Act ("ACCA")] requires a federal sentencing court to consult the maximum sentence applicable to a defendant's previous drug offense at the time of his conviction for that offense."); *United States v. Rodriguez*, 553 U.S. 377, 382–84 (2008) (holding that for ACCA purposes, the maximum sentence includes any enhancements that may apply to increase the possible sentence); *United States v. Abbott*, 748 F.3d 154, 159–60 (3d Cir. 2014) ("Under Pennsylvania law, possession with the intent to distribute cocaine is punishable by a maximum term of imprisonment of ten years. . . . Accordingly, Abbott's previous conviction . . . for possession with intent to distribute cocaine is a 'serious drug offense' and properly served as a predicate offense for the imposition of the fifteen-year minimum sentence under the ACCA.").

Mr. Strawder's qualifying convictions carried statutory maximum penalties of ten years on the cocaine conviction and fifteen years on the heroin convictions. *See* ECF No. 42, at 8–9 (Presentence Investigation Report); 35 P.S. § 780-113(f)(1), (1.1). Because courts must look to the statutory maximum penalties of prior convictions, and because Mr. Strawder has at least three convictions with statutory maximum penalties of ten years or more, he was properly designated as an armed career criminal and subjected to the mandatory one hundred eighty month prison sentence. *See* 18 U.S.C. § 924(e). Thus, Mr. Strawder's first ground for reducing his sentence has no legal support.

3

On this point, Mr. Strawder also contends that *United States v. Tucker*, 703 F.3d 205 (3d Cir. 2012) substantiates his argument. ECF No. 68, at 2. Specifically, he points to footnote two which states "If Tucker had actually received a sentence of ten years for either conviction, it would clearly qualify as a 'serious drug offense,' but he did not: He received a sentence of fifteen to thirty months incarceration for his 1999 conviction and a sentence of two to four years incarceration for his conviction in 2002," *Tucker*, 703 F.3d at 210 n.2. Mr. Strawder says that this demonstrates that courts look to sentences *received* rather than *maximum sentences allowed*. Mr. Strawder misreads *Tucker*. The *Tucker* court was confronted with a prior conviction for conspiracy to sell drugs (which did not qualify as an ACCA offense because the charging document did not specify what the actual drug was) and a prior conviction for possession with intent to distribute cocaine (which *did* qualify because it carried a maximum sentence of ten years). *Id.* at 210. Thus, the import of *Tucker* footnote 2 is that had the defendant received ten years in prison, the convictions would have been qualifying because the statutory maximum would have obviously been at least ten years. Importantly for the purposes of this case, the Third Circuit has consistently looked to the statutory maximum penalties, not what the defendant actually received.[2]

As to Mr. Strawder's ineffective assistance claim, the gist of it is that his federal court counsel fell below the *Strickland v. Washington*, 466 U.S. 668 (1984) standard by not making Mr. Strawder's ACCA argument as outlined above. Because the Court concludes that that

---

[2] In the alternative, the Court concludes that this claim is procedurally defaulted because Mr. Proctor failed to take a direct appeal from his sentence. *See United States v. Bousley*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'") Further, Mr. Strawder expressly states that he is not arguing "actual innocence," ECF No. 68, at 1, and has not alleged cause or prejudice. *See id.* The Court does not need reach the United States' § 2255 waiver argument.

4

argument is not supported by law, it also concludes that the performance of Mr. Strawder's counsel in not making it did not (and could not) fall below constitutional minimums.

Finally, no certificate of appealability will issue in this case. A petitioner may only appeal "the final order in a proceeding under section 2255" if a judge "issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Jurists of reason would not debate whether this Court's ruling was correct here because the mass of precedent directly on point contradicts the Petitioner's claim that for ACCA purposes courts must look to sentences actually imposed. Further, because that point is so well-settled, no jurist of reason would find that the Petitioner's counsel failed to provide constitutionally-sufficient representation when he did not make that argument. Therefore, no certificate of appealability will issue.

## II. LETTER-MOTION FOR REDUCTION/MODIFICATION OF SUPERVISED RELEASE

Mr. Strawder also filed a "Letter-Motion for Reduction/Modification of Supervised Release Terms & Sentence." ECF No. 72. The United States responded, ECF No. 75, and Mr. Strawder replied, ECF No. 76.

In this filing, Mr. Strawder challenges the terms of supervised release imposed by his sentence. ECF No. 72, at 1 ("the court could have imposed 0 supervised release had it chosen to but instead, without cause that I can see, imposed the maximum supervised release sentence possible under the law."). He requests his supervised release term be reduced to one year, at least in part because the terms of such supervised release were not sufficiently tailored to him

5

individually. *Id.* at 2. Mr. Strawder also wants his pretrial detention credited against his current sentence. *Id.* Mr. Strawder further alleges that there are various ambiguities in his prior qualifying convictions and the law that require this Court to review his sentence anew. *Id.* at 2–3.

The United States points to 18 U.S.C. § 3583(e)(1) which allows defendants to move for early termination of supervised release "at any time *after the expiration of one year of supervised release.*" (emphasis added). The United States further argues that tailoring of supervised release conditions is not a basis to revisit their imposition. ECF No. 75, at 3 (citing 18 U.S.C. § 3583 as requiring conditions to be reasonably related to the § 3553 factors, to not unnecessarily deprive the defendant of liberty, and to be consistent with policy). Finally, the United States argues that the Court is without authority to reduce Mr. Strawder's sentence based on the BOP not crediting his pretrial detention. ECF No. 75, at 4 (citing *United States v. Satizabal*, 386 F. App'x 125, 126 (3d Cir. 2010) which denied a request for reduction based upon the defendant's claim that he should receive additional credit for time served because the "reason for the requested modification of his sentence is not among the reasons set forth in 18 U.S.C. § 3582.").

First, the Court concludes that under the text of 18 U.S.C. § 3583(e)(1), Mr. Strawder's request for a modification of the terms of his supervised release is premature because he has not begun to serve any supervised release. Second, as stated on the record at sentencing, the Court carefully considered the § 3553 factors in imposing Mr. Strawder's sentence, including the term of supervised release. The Court concludes that the term imposed is consistent with those factors, does not unnecessarily deprive Mr. Strawder of his liberty, and is consistent with sentencing policy (indeed, Counts Two and Four carried a mandatory six year term of supervised release). Third, under 18 U.S.C. § 3582, the Court cannot reduce Mr. Strawder's sentence based on any potential error in BOP credit calculations because it is not an enumerated reason permitting such

6

a reduction and in any event, there are no extraordinary and compelling reasons to do so. Finally, as detailed above, Mr. Strawder's classification as an armed career criminal did not rely on the "residual clause" that was invalidated by the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Moreover, the Court cannot divine any ambiguities in the record that would compel the Court to revisit its sentence.

For the foregoing reasons, Mr. Strawder's § 2255 Motion to Vacate and Letter-Motion for Reduction/Modification of Supervised Release Terms & Sentence are each DENIED.

An appropriate Order will issue.

Mark R. Hornak
United States District Judge

Dated: August 5, 2016
cc: All counsel of record